THE BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION FUND OF THE VILLAGE OF OAK BROOK *et al.*, Plaintiffs-Appellees, *v.* THE DEPARTMENT OF INSURANCE *et al.*, Defendants-Appellants.

Second District (2nd Division)   No. 75-345

Opinion filed October 1, 1976.

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for appellants.

Alfred P. Bianucci and Donald W. Forester, both of Maher, Bianucci, Newman & Schlax, of Chicago, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

The plaintiffs, Board of Trustees of the Policemen's Pension Fund of the Village of Oak Brook and Board of Trustees of the Firemen's Pension Fund of the Village of Oak Brook instituted a complaint for declaratory judgments praying that salary increases granted under the Village of Oak Brook's Pay Plan be declared *not* to be excluded from withholding deductions by the pension plan provisions of sections 3—111, 3—125, 4—109 and 4—124 of the Illinois Pension Code (Ill. Rev. Stat. 1973, ch. 108½, pars. 3—111, 3—125, 4—109 and 4—124). The Circuit Court of Du Page County entered judgment granting the prayer of the complaint. The defendant, Illinois Department of Insurance, appeals.

The Illinois Department of Insurance made audits of the Police Pension Fund and of the Firemen's Pension Fund of the Village of Oak Brook. The audit report of each noted that "the Fund is receiving erroneous salary deductions based on *merit pay* of members. Since the governing act calls for *salary deductions on base earnings only*, the erroneous deductions should be refunded to members."

The Pension Code of 1963 became effective July 1, 1963. The Code is incorporated in chapter 108½ of the Illinois Revised Statutes. Article 3 of the Code (sections 3—101 *et seq.*) covers Policemen's Pension Fund for Municipalities 500,000 and under. Article 4 of the Code (sections 4—101 *et*

*seq.*) covers Firemen's Pension Fund for Municipalities 500,000 and under.

The sections of the Code pertinent to this case are 3—111, 3—125 for police and 4—109 and 4—124 for firemen.

Sections 3—111 and 4—109, while not identical, then provided that upon certain conditions being met the pensioner shall have a pension of one-half the "salary attached to the rank."

Sections 3—125 (2) and 4—124 provide for partial financing of the pension funds by deductions from salary.

Section 3—125 (2) in pertinent part provides:

> "For the purposes of this section, the word 'salary' means the annual salary including longevity attached to the rank held by the policeman as established by the municipality's appropriation ordinance, but does not include 'overtime pay', 'holiday pay', 'bonus pay', 'merit pay', or any other cash benefit over and above the salary established by the appropriation ordinance; * * *."

Section 4—124 in pertinent part provides for withholding as follows:

> " * * * of salary including longevity attached to the rank held by the fireman as established by the municipality appropriation ordinance, but does not include 'overtime pay', 'holiday pay', 'bonus pay', 'merit pay', or any other cash benefit over and above the salary established by the appropriation ordinance."

The Village of Oak Brook in 1971 adopted a comprehensive "Merit Pay Plan" for all its employees including the police and fire departments. The basic salary for a patrolman and a fireman was then $10,000; the maximum was $13,500. Merit increases were based on the recommendation of the employee's department head with review and approval by the village manager. The maximum merit increase was limited to 10% per year but could not exceed the maximum established for the position. When it was determined that an employee be given a pay increase under the plan the pay increase was added to the employee's former salary and that *total was appropriated by ordinance as the annual salary for the employee.* It merged into and became the employee's ordinary salary for the next year, was permanent and vested in the employee. Progression from the entrance minimum rate to the maximum rate was dependent upon the employee's level of performance, job attitude and other job related factors. Longevity increases were abolished by the plan. Increases were to be considered as merit adjustments, and not longevity increases or cost of living increases.

The trial judge found and we agree that the pay of the employee is salary attached to the rank held by that employee as established by the Oak Brook appropriation ordinance. The department, on appeal, contends that any increase under the Oak Brook plan is "merit pay"

within the intent and meaning of the exclusions contained in two statutes involved. The Department refuses to concede that the definition of "salary" for computing deductions is contained only in those sections and is limited thereto. It argues that the pension articles must be construed in their entirety citing *Boehne v. Board of Trustees*, 313 Ill. App. 291, and *Winfield Fire Protection District v. City of Wheaton*, 29 Ill. App. 3d 630.

We have no quarrel with the statement that the provisions of a pension act (or any other act for that matter) should be examined in their entirety to determine the legislative intent. It should be noted that in section 3—125(2) the language used by the legislature was, "For the purpose of this section" rather than "this act." The *Boehne* case made this distinction on pages 294 and 295 (in reverse).

The *Winfield* case is cited for the proposition that in the absence of statutory definitions indicating a different legislative intent, we must presume that words have their ordinary and popularly understood meaning (page 633). We agree with that proposition of law but must point out that here the words are qualified by the modifying clause " * * * over and above the salary established by the appropriation ordinance."

We are aware of the basic canon that qualifying, relative or modifying words, phrases and clauses are ordinarily confined to the last antecedent. (See *People v. Thomas*, 45 Ill. 2d 68, 72.) Under this canon only "any other cash benefit"[1] would be modified by the phrase "over and above the salary established by the appropriate ordinance." The canon is not applicable where a further inclusion is clearly required by the intent and meaning of the context. 73 Am. Jur. 2d *Statutes* §230 (1974).

It is our opinion that "merit pay" is qualified by, and the exclusion of "merit pay" is limited to that, "over and above the salary established by the appropriation ordinance." Several rules of construction unite in leading us to that conclusion. The first was enunciated in *Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348, 64 L. Ed. 944, 946, 40 S. Ct. 516 where the omission of a comma between the qualifying clause and the words immediately preceding gave rise to the argument that the clause was applicable only to the nearest group of words and not to those first appearing and separated from those later used by a comma. In answer to the argument the Supreme Court stated, "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." Also see *United States v. Standard Brewery, Inc.*, 251 U.S. 210, 64 L. Ed. 229, 40 S. Ct. 139; *Hillsboro Coal*

---

[1] Unless followed by a comma.

*Co. v. Knotts* (S. D. Ill. 1920), 273 F. 221; 82 C.J.S. *Statutes* §334, at 672 n. 9 and §332, at 662 (1953).

Second, the argument advanced by the Director would require that under Oak Brook's Plan where the minimum salary provided was $10,000 a year that minimum would be "the salary attached to the rank" for pension purposes despite the fact that by outstanding ability through the years a pensioner may have merited and received the maximum salary of $13,500 which salary was established by the appropriation ordinance of the Village.

■■ The purpose of laws for police and firemen's pensions is beneficial, and such statutes should be liberally construed in favor of those to be benefited. *Colton v. Board of Trustees*, 287 Ill. 56; *Edwards v. Board of Trustees*, 22 Ill. App. 3d 260, 263, *aff'd*, 61 Ill. 2d 330.

■■ We reiterate, therefore, that the Legislature intended to declare and has declared that to exclude "merit pay" from the deduction contemplated by the act it must be "merit pay" over and above the salary established by the appropriation ordinances of the Village of Oak Brook.

Judgment affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.