ANTHONY CAMPIONE, Plaintiff-Appellant, v. LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 76-11

Opinion filed October 12, 1977.—Modified on denial of rehearing April 26, 1978.

Moltz & Wexler, of Chicago (Leon C. Wexler, of counsel), for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (J. Robert Geiman and Ellen J. Kerschner, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Plaintiff, Anthony Campione, filed a complaint for declaratory judgment against defendant Lincoln National Life Insurance Company

(Lincoln National) requesting a declaration that Lincoln National be prevented from enforcing the language of the group policy and certificate under which Campione was insured and which limited coverage for a preexisting medical condition to $2500. The trial court dismissed Campione's complaint with prejudice and Campione appeals.

Campione was insured under a policy of health and accident insurance with his former employer, Sunbeam Corporation. When he left Sunbeam in November of 1974, he had the option of continuing that insurance plan or accepting the life, health and accident policy provided as a fringe benefit by his new employer, T.V. Time Foods. The new insurer was Lincoln National.

Campione had an angina condition which first appeared in August of 1974. He first consulted his physician in October, 1974 at which time he had a mild class #1 angina condition. During the three-month period after he began to work for T.V. Time in November of 1974 that angina condition worsened to a class #4 and required open heart surgery in February 1975. The surgical and related expenses were approximately $20,000. Lincoln National refused to pay more than $2500 according to a clause in the policy which appeared at pages 9 and 10 of the certificate of insurance issued to Campione. That clause in the certificate reads in pertinent part:

"PRE-EXISTING CONDITIONS

(All Coverages)

Except for an initial payment up to $2500, charges for the care and treatment of illness existing on the date of coverage are not covered * * *."

Campion was not aware that Lincoln National would not pay for the surgery until the bills were submitted and Lincoln National refused to pay more than $2500. Campione argues that had he been aware that Lincoln National would pay only $2500 toward the expenses involved in treating his preexisting angina condition he would have exercised his option to continue the coverage he had had with his former employer. He argues that because the limitation in coverage was not clearly and prominently displayed in the certificate of insurance he was not aware of the $2500 limitation.

Campione appeals contending that the trial court erred in dismissing his complaint since Lincoln National did not comply with the Illinois Insurance Code requirement that the form and content of the certificate of insurance be approved by the Director; that an insurance carrier cannot enforce an exclusion unless it is clearly and prominently displayed in the certificate; and that the doctrine of reasonable expectations applies to an insurance contract.

The Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 613 *et seq.*)

governs the conduct of insurance carriers in the State of Illinois. Section 143(1) of the Illinois Insurance Code entitled "Policy Forms (1) Life, Accident and Health," (Ill. Rev. Stat. 1973, ch. 73, par. 755(1)) states in pertinent part:

> "No company transacting the kind or kinds of business enumerated in Class 1 of section 4 [that is, Life, Accident & Health] shall issue or deliver in this State a policy or certificate of insurance * * * in this State until the form and content of such policy, certificate * * * has been filed with and approved by the Director."

Plaintiff claims and defendant does not dispute that in this case Lincoln National submitted the policy to the Director for approval, but did not submit the certificate for approval. Lincoln National argues that they need not comply with section 143 since section 367 of the Code entitled "Group accident and health insurance" (Ill. Rev. Stat. 1973, ch. 73, par. 979) specifically covers group insurance and therefore supersedes section 143 which refers to life, health and accident policies in general. They argue further that "Class 1 of section 4" as stated in section 143 does not apply to group insurance.

■■ Section 367 of the Code (Ill. Rev. Stat. 1973, ch. 73, par. 979) provides that the Director approve the form of the group policy, which is issued to the employer, and that the insurer issue a certificate to the employee "setting forth a statement as to the insurance protection to which he is entitled * * *." While this section requires that the Director approve the form of the policy, Lincoln National points out that there is no provision in section 367 which requires that the certificate be similarly approved. Lincoln National argues that section 367 supersedes section 143. Logic and public policy considerations would compel a contrary conclusion.

There is no provision in section 367 which exempts group insurance from the general provisions of section 143 which covers companies "transacting the kind or kinds of business enumerated in Class 1 of section 4." There are only three classes of insurance listed in section 4. They are: Class 1 "Life, Accident and Health"; Class 2 "Casualty, Fidelity and Surety"; and Class 3 "Fire and Marine, etc." Section 5 of the Code (Ill. Rev. Stat. 1973, ch. 73, par. 617) requires that all companies authorized to transact business in Illinois be classified according to their functions into one or more of the classes of insurance enumerated in section 4. There is no special category for group insurance as opposed to individual insurance. Since Lincoln National's group policy with T.V. Time Foods purports to insure the life and health of the beneficiary, there is no question that Lincoln National transacts the "kind or kinds of business enumerated in Class 1 of section 4."

The purpose for requiring the Director's approval of the form and

content of the policies and certificates is to provide fair disclosure of coverage to the beneficiary of the policy. Under defendant's reasoning the beneficiary or insured under an individual policy is afforded more stringent safeguards than the holder of a group insurance policy. More and more health and accident insurance is provided by employers as fringe benefits for employees. Simply because the employer pays most or all of the premium for such insurance does not mean that only the employer who holds the policy needs fair disclosure of coverage. The employee seldom has access to the policy. He or she sees only the certificate which is issued to the employee. We believe that the certificate of insurance issued to the beneficiary of a group insurance policy in this State should be as clear and understandable as the policy issued to persons insured under individual policies in this State.

We hold, therefore, that Lincoln National was under a statutory duty under section 143 to have the form and content of the insurance policy and certificate filed with and approved by the Director.

Lincoln National filed with the Director a policy provision regarding preexisting conditions. That provision as it appears in the policy which is issued to the employer is captioned:

"LIMITATION OF COVERAGE
DUE TO
PRE-EXISTING CONDITION"

That clause contained substantially the same information as appeared in the certificate.

The "Limitation of Coverage Due to Pre-Existing Condition" caption was approved for the policy by the Director. The certificate of insurance which was delivered to Campione contained the following caption:

"PRE-EXISTING CONDITIONS
(ALL COVERAGE)"

This caption contains no word of limitation, exception or reduction of coverage. We have no way of knowing whether or not the Director would have approved this language had the certificate been submitted as required under section 143 of the Code.

■■ We see no reason why the beneficiary of a group policy should be any less entitled than the holder of an individual policy to have his insurance coverage stated in such language and bold type as to warrant the conclusion that the beneficiary must have understood and accepted the provisions, the conditions and limitations of the policy. See *Michigan Mutual Liability Co. v. Hoover Bros.* (1968), 96 Ill. App. 2d 238, 237 N.E.2d 754.

Because of our findings herein it is unnecessary for us to reach plaintiff's other contentions.

The judgment of the circuit court of Cook County is reversed and

remanded to determine whether or not the exceptions to the general area of protection were stated in such language and bold type as to warrant the conclusion that the beneficiary fully understood and accepted the provisions, conditions and limitations of the policy and for such other proceedings as the trial court may deem necessary.

Reversed and remanded.

SIMON, P. J., and McNAMARA, J., concur.