LINDA JOHNSON-MADAY, Plaintiff-Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

First District (5th Division) No. 1—94—3049

Opinion filed November 9, 1995.—Rehearing denied November 29, 1995.

Joel L. Widman, of Widman, Goldberg & Zulkie, Ltd., of Chicago, for appellant.

Ellen E. Douglass, of Carney & Brothers, Ltd., of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff, Linda Johnson-Maday, appeals from judgment entered in favor of defendant, the Prudential Insurance Company of America, following a bench trial on plaintiff's claim for breach of her insurance contract. We find that the trial court correctly construed section 367(2)(c) of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1991, ch. 73, par. 979(2)(c) (now 215 ILCS 5/367(2)(c) (West 1994))), and therefore we affirm.

Plaintiff began working for North Suburban Medical Consultants, Ltd., in June 1991. Defendant provided health coverage as part of a benefits package for employees of North Suburban under a group insurance plan. Plaintiff met with defendant's agent, Vladimir Lesniewski, on June 11, 1991, to fill out an application for insurance. Lesniewski asked plaintiff the questions on the application and filled in her answers. At the end of the interview she signed the application. The application did not mention plaintiff's extensive hospitalizations in 1989 and 1990 for pancreatitis and related disorders. Defendant accepted the application.

Doctors at Lutheran General Hospital admitted plaintiff to the hospital in September 1991 for viral gastritis. She remained at the hospital for two months. On February 14, 1992, defendant refused to

pay the bill from Lutheran General on grounds that plaintiff materially misrepresented her medical history.

Lutheran General admitted plaintiff again in May 1992, this time for septicemia, and again she stayed for two months. Her bill from the two hospitalizations totaled almost $300,000. Defendant again refused to pay. Plaintiff sued for breach of the insurance contract and defendant countersued for rescission.

Plaintiff testified that at the meeting on June 11, she detailed for Lesniewski her entire medical history, and he told her he would get her medical records rather than write out the extensive history. Lesniewski testified that he wrote on the application form everything plaintiff told him about her medical history, and she did not mention her hospitalizations for pancreatic-related disorders. The trial court found that plaintiff did not meet her burden of proving that she supplied her medical history. Plaintiff does not challenge this finding on appeal.

Plaintiff also argued at trial that the Insurance Code (Ill. Rev. Stat. 1991, ch. 73, par. 613 *et seq.* (now 215 ILCS 5/1 *et seq.* (West 1994))) required defendant to accept her application for insurance regardless of her medical condition, so any misrepresentation did not materially affect defendant's risk. The court, rejecting the argument, rescinded the insurance contract and granted defendant judgment on plaintiff's claim.

On appeal plaintiff argues that the Code required defendant to offer coverage to all new employees of North Suburban, regardless of preexisting medical conditions. The Code states that any policy of group accident and health insurance must provide that:

> "to the group *** originally insured shall be added from time to time all new employees of the employer, members of the association or employees of members eligible to and applying for insurance in such group or class." (Ill. Rev. Stat. 1991, ch. 73, par. 979(2)(c) (now 215 ILCS 5/367(2)(c) (West 1994)).)

(See also Ill. Rev. Stat. 1991, ch. 73, par. 963B—4(d) (now 215 ILCS 5/351B—4(d) (West 1994)).) Plaintiff interprets the Code to require extension of coverage to all new employees of a covered employer, regardless of eligibility. The trial court found that the statute required coverage only for employees "eligible to and applying for insurance." Thus the central question on this appeal is whether the qualifying phrase "eligible to and applying for insurance" applies to "all new employees of the employer," or only to "employees of members."

■ Under the last antecedent doctrine, courts ordinarily construe qualifying phrases in statutes as applying only to the phrase im-

mediately preceding the qualification. (*Board of Education of Rockford School District No. 205 v. Regional Board of School Trustees* (1985), 135 Ill. App. 3d 486, 492, 481 N.E.2d 1266.) The doctrine does not apply when the context of the entire statute requires application of the qualification to further phrases. *Board of Trustees of the Policemen's Pension Fund v. Department of Insurance* (1976), 42 Ill. App. 3d 155, 158, 356 N.E.2d 171.

Article XX of the Code (Ill. Rev. Stat. 1991, ch. 73, par. 964 *et seq.* (now 215 ILCS 5/352 *et seq.* (West 1994))), concerning accident and health insurance, and article XIXB (Ill. Rev. Stat. 1991, ch. 73, par. 963B—1 *et seq.* (now 215 ILCS 5/351B—1 *et seq.* (West 1994))), concerning small employer group health insurance, repeatedly refer to "employees, members, or employees of members" as the persons to whom coverage is provided. Thus, article XX defines group health insurance as health insurance "covering not less than 10 employees, members, or employees of members" (Ill. Rev. Stat. 1991, ch. 73, par. 979(1) (now 215 ILCS 5/367(1) (West 1994))), and article XIXB defines small employer insurance as that "which covers not more than 25 employees, members, or employees of members (exclusive of dependents)." Ill. Rev. Stat. 1991, ch. 73, par. 963B—3(a) (now 215 ILCS 5/351B—3(a) (West 1994)).

Article XX, like article XIXB, states that the policy, the application of the employer, "and the individual applications, if any, of the employees, members or employees of members insured" must form the entire contract between the parties. (Ill. Rev. Stat. 1991, ch. 73, par. 979(2)(a) (now 215 ILCS 5/367(2)(a) (West 1994)); see Ill. Rev. Stat. 1991, ch. 73, par. 963B—4(b) (now 215 ILCS 5/351B—4(b) (West 1994)).) The Code requires the insurer to deliver individual insurance certificates to the employer or trustee of the association, "for delivery to the employee, member or employee of a member, who is insured under such policy." Ill. Rev. Stat. 1991, ch. 73, par. 979(2)(b) (now 215 ILCS 5/367(2)(b) (West 1994)); see Ill. Rev. Stat. 1991, ch. 73, par. 963B—4(c) (now 215 ILCS 5/351B—4(c) (West 1994)).

■ We find that the Code consistently treats the phrase "employees, members or employees of members" as the description of the persons to whom coverage is provided, and qualifying phrases following this phrase apply to all such persons, whether employees, members, or employees of members. Thus, in the definition of a small employer group health insurance plan, the parenthetical exclusion does not apply only to the last antecedent, which is "employees of members"; such a plan may cover up to "25 employees *** (exclusive of dependents)." Similarly, the entire contract between an insurer and an employee consists of the employer's application "and the indi-

vidual applications, if any, of the employees *** insured." The insurer need not deliver policies for every employee of an insured employer, but only enough policies "for delivery to the employee *** who is insured under such policy."

The section on which plaintiff relies indicates rights regarding persons added to the group insured. The added persons have become "employees, members, or employees of members," so they are "new employees of the employer, members of the association or employees of members." (Ill. Rev. Stat. 1991, ch. 73, par. 979(2)(c) (now 215 ILCS 5/367(2)(c) (West 1994)).) The following phrase, "eligible to and applying for insurance," like other qualifying phrases in this article of the Code, applies to all three classes. Therefore the insurance policy must provide that "all new employees *** eligible to and applying for insurance" shall be added to the group insured.

The statute permits the insurer to restrict coverage to "eligible" new employees, and the statute does not prevent the insurer from establishing any contractual limit on eligibility. The Code does not require the insurer to cover all new employees, regardless of eligibility. Plaintiff's misrepresentation of her medical condition could have materially affected defendant's risk.

Plaintiff also argues that the trial court should not have granted defendant rescission of the insurance contract because the court did not find plaintiff guilty of fraud or intentional misrepresentation. The Code provides:

> "No *** misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company." Ill. Rev. Stat. 1991, ch. 73, par. 766 (now 215 ILCS 5/154 (West 1994)).

The conditions are disjunctive, so either an intent to deceive or a material misrepresentation can avoid the policy. (*National Boulevard Bank v. Georgetown Life Insurance Co.* (1984), 129 Ill. App. 3d 73, 81, 472 N.E.2d 80.)

> "In other words, it is unnecessary for the insurer to prove that a misrepresentation was made with the intent to deceive if it was material to the risk assumed." (*Ratcliffe v. International Surplus Lines Insurance Co.* (1990), 194 Ill. App. 3d 18, 25, 550 N.E.2d 1052.)

This provision in the Code does not conflict with articles XIXB and XX because those articles do not prevent the insurer from rejecting an application for insurance from a group member if the insurer deems the risk too great. See *Campione v. Lincoln National Life Insurance Co.* (1977), 58 Ill. App. 3d 688, 375 N.E.2d 129.

376

The trial court correctly rescinded the policy because it found plaintiff materially misrepresented her medical condition on the application for insurance. Accordingly, we affirm the judgments in favor of defendant on the complaint and on defendant's cross-complaint.

Affirmed.

GORDON and T. O'BRIEN, JJ., concur.