FIFTH DIVISION
November 24, 2010

No. 1-09-0917

ROBERT J. SMITH,                          )    Appeal from the
                                          )    Circuit Court of
         Plaintiff-Appellant,             )    Cook County.
                                          )
    v.                                    )
                                          )
                                          )
                                          )
THE BOARD OF TRUSTEES OF THE              )
WESTCHESTER POLICE PENSION BOARD,         )    Honorable
                                          )    Sophia H. Hall,
         Defendant-Appellee.              )    Judge Presiding.


JUSTICE HOWSE delivered the opinion of the court:

Robert J. Smith, plaintiff-appellant, appeals from an order of the circuit court that affirmed a decision of the Board of Trustees of the Westchester Police Pension Board (pension board). The pension board determined that a salary increase Smith received before his retirement as a result of a pay grade increase, a merit pay increase, and holiday pay for the year 2007, cannot be considered as salary for purposes of calculating Smith's pension.

For the reasons set forth below, we affirm the decision of the pension board and the circuit court.

BACKGROUND

Smith retired as the police chief of the Village of Westchester on July 13, 2007, after serving as a police officer

1-09-0917

for more than 32 years.  At the time of his retirement, Smith was 59 years old.  Since Smith had served as a police officer for more than 30 years and was over the age of 50 at the time of retirement, Smith was entitled to receive a pension in the amount of 75% of the salary attached to the rank held on his last day of service or for one year prior to the last day, whichever is greater.  40 ILCS 5/3-111 (West 2008).

In a letter dated March 23, 2007, Smith informed the Village of Westchester of his intent to retire in July 2007.  Smith also requested a salary increase before his retirement.  In the letter, Smith stated:

> "As you are aware, prior to Chief
> Rafferty's retirement from the fire
> department, he received a raise from pay
> level 4 to level 6.  It is my understanding,
> at that same time, it was agreed that this
> same consideration would be afforded to me
> upon my retirement.
>
> I ask you, with Board concurrence, to
> grant me the same increase, with an effective
> date of May 1, 2007."

Smith's salary increase

Village manager Goldsmith sent a memo to the village

director of finance on May 7, 2007, which stated:

> "Pursuant to the direction of the Village
> President and Board of Trustees, the benefits
> outlined on the attached page should be bestowed
> upon Chief Smith."

Attached to Goldsmith's memo was a chart that compared the salary and deductions of Smith's 2006 grade 4 pay compared with the grade 6 salary. The attached chart stated Smith would have a grade 6 salary beginning May 2007.

The 2006 appropriation ordinance and budget had set Smith's grade 4 annual base salary at $94,742.[1] The increase to grade 6 boosted Smith's annual base salary to $102,966. The village board also implemented an employee evaluation system for all village employees and created an additional 1% merit pool. Employees were eligible to receive a share of the 1% merit pool based upon the results of an evaluation which was to take place within 60 to 90 days.

Pension Board Proceedings

On June 21, 2007, Smith submitted an application for retirement benefits to the pension board that was certified by

---

[1]The village board authorized a 3% salary increase to all nonunion personnel effective May 1, 2007. The pension board included this 3% increase in Smith's pensionable salary and it is not at issue in this appeal.

the deputy village manager.  The application alleged Smith's total pensionable salary was $113,262, which included the pay raise from level 4 to level 6, the 1% merit pay raise and 2007 holiday pay.

On July 11, 2007, the pension board sent Smith a letter stating the pension board would consider the issue of Smith's salary at an administrative hearing.  To prepare for the hearing, the pension board requested an advisory opinion from the Illinois Department of Insurance concerning the question of whether Smith's salary increase that resulted from the step increase from grade 4 to grade 6, is pensionable.  This procedure is authorized under section 1A-106 of the Illinois Pension Code.  40 ILCS 5/1A-106 (West 2008).

Michael Langenfeld, administrative compliance officer for the Illinois Department of Insurance, submitted his advisory opinion on September 25, 2007, where he opined:

> "A retirement incentive can be given by the city, but it is not considered salary for pension calculation purposes.  The letter sent by Chief Robert J. Smith dated March 23, 2007, would indicate the change from level 4 to level 6 was an incentive for submitting his intention to retire.  This is clearly a

retirement incentive and would not be added to the salary attached to rank for pension calculation purposes."

Smith was represented by counsel at the administrative hearing. The parties agreed to send Langenfeld another memo, written by Smith's counsel and containing additional information in reply to the advisory opinion. The parties requested an updated advisory opinion. The parties agreed to continue the hearing to a later date after receipt of the updated advisory opinion.

Langenfeld responded by letter on March 6, 2008, where he opined:

"After review [of] the additional information provided and the original information provided earlier, my opinion has not changed. The letter dated March 23, 2007 sent by Chief Robert J. Smith, requesting a change from level four to level six as it was previously granted to a retiring fire chief, indicates this is either a pay spike or a retirement enhancement. No matter how it is labeled, this would not be considered salary for pension purposes."

Langenfeld acknowledged that the pension law made no specific mention of pension spikes but alleged the increase of Smith's salary qualified as a bonus.

On June 5, 2008, the pension board reconvened and heard testimony from Smith.  In a written order dated October 20, 2008, the pension board set Smith's salary for pension purposes at $103,324, retroactive to the date of his retirement.  The salary was based upon: (1) Smith's 2006 salary of $94,742 as provided in the municipal appropriation ordinance and budget, (2) his 2006 holiday pay of $5,573, and (3) a 3% cost of living adjustment amounting to $3,009.  The pension board made a finding that the approximate $10,000 in salary increase resulting from Smith being awarded a pay grade increase from level 4 to level 6, along with the 1% merit pay increase, was a pension spike and is not salary under section 3-125.1 of the Pension Code (40 ILCS 5/3-125.1 (West 2008)) and section 4402.40 of Title 50 of the Illinois Administrative Code (50 Ill. Adm. Code §4402.40 (1996)).

The pension board found:

> "Under this directly relevant case law,
> that the Applicant's pay grade increase could
> be classified as a bonus, award or merit pay
> under the relevant statutes and not part of
> Applicant's regular 'salary' defined by the

relevant Pension Code and Administrative Code statutes."

On November 18, 2008, Smith filed a complaint for administrative review in the circuit court of Cook County. In his complaint, Smith alleged the decision of the pension board to exclude the pay upgrade and merit pay from his salary in calculating his pension is "contrary to law and contrary to the actual facts of the case, that it is against the manifest weight of the evidence, and also arbitrary, capricious and unreasonable."

The trial court conducted a hearing on March 20, 2009. After noting the 2007 appropriation ordinance was not passed until 11 days after Smith's retirement, the trial court affirmed the decision of the pension board, finding its decision was not clearly erroneous. Smith filed this appeal.

ANALYSIS

The issue presented for review is whether the Board of Trustees of the Westchester Police Pension Board erred in finding that the salary upgrade, the merit pay increase awarded to Smith and the 2007 holiday pay cannot be included in the calculation of his pension.

The parties agree the issues presented for review in this case involve a mixed question of law and fact and that an

administrative agency's determination involving a mixed question of law and fact should not be disturbed unless it is clearly erroneous. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205, 692 N.E.2d 295, 302 (1998). "[T]he agency decision will be deemed 'clearly erroneous' only where the reviewing court, on the entire record, is 'left with the definite and firm conviction that a mistake has been committed.'" *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395, 763 N.E. 2d 272, 282 (2001), quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948). We will review the issues in this case accordingly.

In administrative review proceedings, our role is to review the decision of the administrative agency, rather than that of the circuit court. *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 551-52, 905 N.E.2d 831, 834 (2009).

I. Smith's Base Salary for Calculating Smith's Pension

The pension board set Smith's salary for pension purposes based upon Smith's 2006 salary of $94,742 as provided in the municipal appropriation ordinance and budget. Smith claims his salary for pension purposes should include the pay raise from level 4 to level 6, the 1% merit pay and his 2007 holiday pay.

The amount of a retired police officer's pension is

determined by his age, length of service and his salary at the time of retirement. 40 ILCS 5/3-111 (West 2008). The Pension Code provides a police officer:

> "shall receive a pension of 1/2 of the salary attached to the rank held by the officer on the police force for one year immediately prior to retirement or, beginning July 1, 1987 for persons terminating service on or after that date, the salary attached to the rank held on the last day of service or for one year prior to the last day, whichever is greater. The pension shall be increased by 2.5% of such salary for each additional year of service over 20 years of service through 30 years of service, to a maximum of 75% of such salary." 40 ILCS 5/3-111 (West 2008).

It is undisputed that under these guidelines Smith was entitled to a pension in the amount of 75% of the salary attached to the rank of police chief on the last day of service or for one year prior to the last day, whichever is greater.

The Pension Code also provides a definition of salary for the purpose of calculating a pension:

> "'Salary,' for purposes of this Part, means any fixed compensation received by an employee

of a municipality that participates in one of

the pension funds established under Article 3

or 4 of the Illinois Pension Code, *which has*

*been approved through an appropriations*

*ordinance of the municipality \*\*\*."* (Emphasis

added.) 50 Ill. Adm. Code §4402.30 (1996).

The requirement that the pensionable salary be determined by the salary attached to the rank and approved in an appropriation ordinance is further emphasized in the pension statutes:

"'Salary' means the annual salary, including

longevity, attached to the police officer's

rank, *as established by the municipality's*

*appropriation ordinance*, including any

compensation for overtime which is included in

the salary so established \*\*\*." (Emphasis

added.) 40 ILCS 5/3-111 (West 2008).

The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent. *Moore v. Green*, 219 Ill. 2d 470, 479, 848 N.E.2d 1015, 1020 (2006). Like any other exercise in statutory construction, the court's analysis begins with the specific language contained in the statute because the words used provide the best indication of legislative intent. *Hernandez v. Kirksey*, 306 Ill. App. 3d 912, 914, 715 N.E.2d 669,

672 (1999). Where an enactment is clear and unambiguous, we are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express. *DeSmet v. County of Rock Island*, 219 Ill. 2d 497, 510, 848 N.E.2d 1030, 1039 (2006).

The plain language of the Pension Code reveals that reference must be made to the salary attached to Smith's rank as established in the municipality's appropriation ordinance when determining Smith's pensionable salary. 50 Ill. Adm. Code §4402.30 (1996); 40 ILCS 5/3-125.1 (West 2008); *Board of Trustees of the Policemen's Pension Fund v. Department of Insurance*, 42 Ill. App. 3d 155, 157-58, 356 N.E.2d 171, 173 (1976).

A police officer with Smith's age and length of service is eligible for a pension in the amount of 75% of the salary attached to the rank of police chief in the village appropriation ordinance. The pension board was authorized to calculate Smith's pension based on the salary in the village appropriation ordinance on Smith's last day of service or for one year prior, whichever is greater. 40 ILCS 5/3-125.1 (West 2008); 50 Ill. Adm. Code §4402.30 (1996).

Here, the Village of Westchester's 2006 appropriation ordinance lapsed on April 30, 2007. The Village of Westchester did not pass its 2007 appropriation ordinance until July 24, 2007,

11 days after Smith had retired. The 2007 appropriation ordinance is part of the record. We have examined the 2007 appropriation ordinance and note that it does not contain a line item for the salary of the chief of police, in contrast to the 2006 appropriation ordinance that did contain a line item for the salary of the chief of police. Based on the record before us we have no evidence that when Smith retired on July 13, 2007, an appropriation ordinance existed which increased his salary over the 2006 grade 4 levels provided for in the 2006 appropriation and budget.

When it calculated Smith's pension, the pension board used the salary provided for Smith in the 2006 appropriation ordinance and budget. This calculation reflected Smith's salary for one year prior to his retirement as required by law. We cannot say the decision was clearly erroneous because the 2007 appropriation ordinance was not passed until after Smith retired and the copy of the appropriation ordinance contained in the record does not contain a line item for Smith's salary to substantiate a salary increase for police chief.

Smith argues he is entitled to grade 6 pay because the village manager sent a May 7, 2007, memorandum to the municipal finance officer which stated the village board and village president authorized a pay grade increase for Smith. The record contains a copy of the village manager's memo.

A pay grade increase approved by the trustees and the village president cannot be a part of Smith's pension calculation unless that increase was also reflected in the village's formally adopted appropriations ordinance. 40 ILCS 5/3-125.1 (West 2008); 50 Ill. Adm. Code §4402.30 (1996), *Department of Insurance*, 42 Ill. App. 3d at 157-58, 356 N.E.2d at 173; *Holland v. City of Chicago*, 289 Ill. App. 3d 682, 687-90, 682 N.E.2d 323, 326 (1997). We have examined the record and there is no evidence the village undertook the formal act of amending the 2006 appropriation ordinance or that it passed an appropriation ordinance to change Smith's salary from grade 4 to grade 6. The instructions the trustees and the village president gave to the village manager do not satisfy the requirements that a pension be based on an appropriation ordinance because obviously the instructions they gave to the village manager were not an appropriation ordinance. Therefore, we cannot say the pension board's decision to use the grade 4 salary provided for Smith in the 2006 appropriation ordinance and budget to calculate Smith's pension was clearly erroneous. 40 ILCS 5/3-125.1 (West 2008).

Smith argues the village board's new personnel code and pay plan resolution passed on June 12, 2007, authorized the pay increase for Smith for purposes of the calculation of his pension. The pay plan resolution recited that it had the goal of paying all village employees a salary on a pay scale that established a range

of pay for all employees. The resolution listed a pay range for all village employees. The job title of police chief was assigned grade 6 salary with a pay range of $88,187 for a minimum, $103,749 for a midpoint and $119,312 as a maximum salary. The pay plan stated that no employee should be paid less than the minimum pay for a position or more than the maximum.

The pay plan resolution however cannot be fairly construed to be an appropriation ordinance. An appropriation involves the "setting apart from public revenue a certain sum of money for a specific object ***." *Schwartz v. City of Chicago,* 223 Ill. App. 184, 192 (1921), citing 4 Corpus Juris, 1460. The pay plan resolution approved by the village did not authorize a specific salary for Smith or the other village employees, and did not set apart any funds to pay for the salaries. The pay plan merely recited that it was the goal of the village to pay the employees within the range of pay contained in the resolution. The resolution makes no mention of amending the 2006 appropriation ordinance. Smith's pay grade increase from grade 4 to grade 6, therefore, was not legislated in an appropriation ordinance when the pay plan resolution was passed. 40 ILCS 5/3-125.1 (West 2008).

## II. Merit Pay and 2007 Holiday Pay

Smith also claims he is entitled to the 1% merit pay increase because the merit pay was to be considered permanent pay. Merit

pay has been allowed as part of a pension calculation when the merit pay was included in the appropriation ordinance and attached to the rank. *Policemen's Pension Fund v. Department of Insurance*, 42 Ill. App. 3d 155, 159, 356 N.E.2d 171, 174 (1976). Here, the merit pay was not included in an appropriation ordinance and the pension board's decision to exclude it was not clearly erroneous.

Smith also claims he is entitled to holiday pay for 2007 based on the grade 6 salary increase. It is undisputed that Village of Westchester police officers are entitled to holiday pay. The pension board included the 2006 holiday pay based on Smith's grade 4 salary in the calculation of Smith's pension. If the pension board included the 2006 holiday pay and the 2007 holiday pay in the calculation of Smith's annual salary, it would be a double payment. Furthermore, we have determined the rate of pay for Smith's claimed 2007 holiday pay was not appropriated in an ordinance as required by law. The pension board's decision to exclude the 2007 holiday pay was not clearly erroneous.

Based upon the entire record, we do not have a definite and firm conviction that the pension board made a mistake when it based Smith's pension on the grade 4 salary, excluded the merit pay from Smith's pension calculation and excluded the 2007 holiday pay. Therefore, the pension board's decision was not clearly erroneous and should not be disturbed. *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d at 395, 763

1-09-0917

N.E.2d at 282.

## CONCLUSION

We affirm the decision of the pension board and the circuit court.

AFFIRMED.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.

1-09-0917

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| Please use following form: | ROBERT J. SMITH, |
|---|---|
| Complete TITLE of Case | Plaintiff-Appellant, <br><br> v. <br><br> THE BOARD OF TRUSTEES OF THE WESTCHESTER POLICE PENSION BOARD, <br><br> Defendant-Appellee. |

| Docket Nos. | No. 1-09-0917 |
|---|---|
| COURT | Appellate Court of Illinois <br> First District, 5th Division |
| Opinion Filed | November 24, 2010 <br><br> (Give month, day and year) |

| JUSTICES | JUSTICE HOWSE delivered the opinion of the court: <br><br> FITZGERALD SMITH, P.J., and TOOMIN, J., concur. |
|---|---|

| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin: <br><br> Appeal from the Circuit Court of Cook County. <br><br> The Hon. Sophia H. Hall, Judge Presiding. |
|---|---|

| For APPELLANTS, John Doe, of Chicago. <br><br> For APPELLEES, Smith and Smith, of Chicago. <br><br> Joseph Brown, of Counsel). Also add attorneys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. <br><br> For Appellant, Stanley H. Jakala and Barbara J. Bell, of Berwyn, Illinois. <br><br> For Appellee, Richard J. Reimer and Jeffrey A. Goodloe, RICHARD J. REIMER & ASSOCIATES LLC, of Hinsdale, Illinois. |
|---|---|

(USE REVERSE SIDE IF NEEDED)

-17-