WADE A. WHELCHEL, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—89—0480

Opinion filed March 22, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellant.

Carl R. Draper, of Feldman & Wasser, of Springfield, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Wade A. Whelchel filed a petition with the defendant Secretary of State (Secretary) requesting either the reinstatement of his driving privileges or the issuance of a restricted driving permit (RDP). The Secretary denied both requests. Upon administrative review, the Sangamon County circuit court reversed that decision as to the RDP and ordered the Secretary to issue an RDP. The Secretary now appeals from that order, and we affirm the denial of full reinstatement and reverse as to the issuance of the RDP.

The petition of the plaintiff was set for hearing on April 1, 1988. The plaintiff offered the following evidence in support of his petition: (1) his driving record; (2) his substance-abuse evaluations; and (3) his character witnesses.

The plaintiff has been charged with multiple traffic offenses in the State of Illinois. He was convicted of speeding on four separate occasions between November 1978 and July 1981. The plaintiff was also

twice convicted of driving while intoxicated (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) and of driving without a license (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—205(a)(2), 6—303) on separate occasions in August 1981, September 1982, and October 1985.

The plaintiff underwent his first substance-abuse evaluation in September 1982. He was classified as a Level II problematic user of alcohol. (92 Ill. Adm. Code §1001.410, at 3518 (Supp. 1988).) Based on that classification, the examiner recommended outpatient counseling for the plaintiff. The plaintiff successfully completed four counseling sessions. The plaintiff underwent his second substance-abuse evaluation in October 1987. He was classified as a Level I nonproblematic user of alcohol. (92 Ill. Adm. Code §1001.410, at 3518 (Supp. 1988).) Based on that classification, the examiner recommended no additional counseling for plaintiff.

The character witnesses were all members of the immediate family of the plaintiff. They have individually supported the plaintiff in his effort to abstain from the use of alcohol. The witnesses also offered favorable testimony on the current life-style of the plaintiff. They agreed the plaintiff had significantly improved his life-style through abstinence from alcohol beginning in February 1987.

The officer presiding at the hearing was not clearly convinced the plaintiff had resolved his alcohol problem. The hearing officer discounted the reliability of the second substance-abuse evaluation on the plaintiff because the examiner had not reviewed the recorded information about the plaintiff in its entirety. He also noted the examiner had not addressed the fact the plaintiff had continued to abuse alcohol following counseling on his DUI convictions. Absent reliable evidence to the contrary, the hearing officer could not find the plaintiff a safe and responsible driver entitled to either full or partial reinstatement of his driving privileges. (See 92 Ill. Adm. Code §§1001.430(c), 1001.440, at 3520 (Supp. 1988).) The hearing officer properly recommended the Secretary deny the petition without addressing hardship on its merits.

The sole issue on review is whether the decision of the Secretary to deny the plaintiff an RDP is against the manifest weight of the evidence.

■■ Under the administrative review statute, findings of an agency on questions of fact are considered to be *prima facie* true and correct. (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) This statute has been construed to mean courts may not interfere with factual findings unless an agency has administered its authority in an arbitrary and capricious manner. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088.) The function of the reviewing court is thus lim-

ited to determining whether the findings of an administrative agency are contrary to the manifest weight of the evidence. *Markowski v. Edgar* (1986), 151 Ill. App. 3d 176, 180, 502 N.E.2d 1304, 1307.

The findings of an administrative agency are manifestly erroneous only when an opposite conclusion is clearly evident from the proof presented on a question of fact. (*Koeck v. Edgar* (1989), 180 Ill. App. 3d 332, 337-38, 535 N.E.2d 1019, 1022.) "That an opposite conclusion might be reasonable or that the court might have reached a different conclusion is not adequate to set aside the agency's decision." (*O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 653, 456 N.E.2d 998, 1002-03.) To the contrary, the proof presented must be viewed in the light most favorable to the administrative agency, with support given to its findings unless a rational trier of fact would otherwise agree legal error is manifestly evident. *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 1093-94, 492 N.E.2d 929, 933.

The restoration of driving privileges, whether full or partial, is not an automatic matter in Illinois. (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—206, 6—208.) The relevant inquiry is whether restoration of driving privileges will endanger the safety or welfare of the public on the highways of Illinois. Ill. Rev. Stat. 1987, ch. 95½, pars. 6—206(c)(3), 6—208(b).

Section 6—205 of the Illinois Vehicle Code sets forth the procedures for the grant of an RDP in hardship cases. That section provides in pertinent part:

"[T]he Secretary of State in his discretion *** may, if application is made therefor, issue to [a person whose license has been revoked] a restricted driving permit granting the privilege of driving a motor vehicle between [his] residence and [his] place of employment or within the scope of [his] employment related duties, or to allow transportation *** for the receipt of necessary medical care *** if [he] is able to demonstrate that no alternative means of transportation is reasonably available and [he] will not endanger the public safety or welfare; provided that the Secretary's discretion shall be limited to cases where undue hardship would result from a failure to issue such restricted driving permit." Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(c).

The circuit court ordered the Secretary to issue an RDP to plaintiff even though the hardship issue was not fully addressed. Because the hearing officer was legitimately concerned about the public safety and welfare, the RDP was properly denied on that basis. Further, we conclude the plaintiff has not suffered any undue hardship by

the denial of an RDP under the circumstances in this action. The plaintiff currently lives at the residence of his mother in Colchester, Illinois. She generally drives him to and from work at a nearby garage. The plaintiff is employed full time as a mechanic at Depoy Auto Service. He specializes in the repair of engine transmissions, which generally requires a test drive of the vehicle. To date, though inconvenient, two other employees have finished that repair requirement for the plaintiff at Depoy. "Inconvenience is not undue hardship." (*Koeck*, 180 Ill. App. 3d at 341, 535 N.E.2d at 1025.) The Secretary could therefore reasonably decide to deny the plaintiff an RDP. See *Breiner v. Edgar* (1985), 130 Ill. App. 3d 1010, 474 N.E.2d 1373.

The judgment of the Sangamon County circuit court is affirmed insofar as it affirmed denial of reinstatement of full driving privileges; and reversed insofar as it ordered issuance of an RDP, and the Secretary's order is reinstated.

Affirmed in part; reversed in part and Secretary's order reinstated.

SPITZ and STEIGMANN, JJ., concur.